| | |
|---|---|
| 1 | DANIEL E. GARDENSWARTZ [SBN 169749] |
|   | OWEN M. PRASKIEVICZ [SBN 292439] |
| 2 | SOLOMON WARD SEIDENWURM & SMITH, LLP |
|   | 401 B Street, Suite 1200 |
| 3 | San Diego, California 92101 |
|   | (t) 619.231.0303 |
| 4 | (f) 619.231.4755 |
| 5 | Attorneys for Counterclaimants |
|   | ANDREW MELONE and AGFM |
| 6 | FAMILY ENTERPRISES, LLC, |
|   | erroneously sued and served as American |
| 7 | Pizza Manufacturing, aka American Pizza MFG |

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPHER MEDIA LLC (formerly known as Local Clicks), dba Doctor Multimedia, a Nevada Limited Liability Corporation, AJAY THAKORE, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>ANDREW MELONE, an individual; AMERICAN PIZZA MANUFACTURING, AKA AMERICAN PIZZA MFG, a California business entity; Does 1-10,<br><br>    Defendants. | Case No. 21-cv-1909-BAS-LL<br><br>**FIRST AMENDED COUNTERCLAIM FOR:**<br><br>1. TRADE LIBEL;<br>2. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS;<br>3. NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS;<br>4. UNFAIR COMPETITION (CA. BUS. & PROF. CODE § 17200);<br>5. DECLARATORY RELIEF<br><br>REQUEST FOR JURY TRIAL |
| AGFM FAMILY ENTERPRISES, LLC dba American Pizza Manufacturing, a California limited liability company, and ANDREW MELONE, an individual;<br><br>    Counterclaimants,<br><br>    v.<br><br>GOPHER MEDIA LLC (formerly known as Local Clicks), dba Doctor Multimedia, a Nevada limited liability corporation, AJAY THAKORE, an individual; Roes 1-10,<br><br>    Counter-Defendants. | |

P:01553837.1:90B31.002

-1-

Case No. 20-cv-1909-BAS-LL

FIRST AMENDED COUNTERCLAIM

**COMES NOW** Counterclaimants AGFM FAMILY ENTERPRISES, LLC, dba American Pizza Manufacturing ("American Pizza Manufacturing" or "APM") and ANDREW MELONE (collectively "**Counterclaimants**") for their claims against GOPHER MEDIA LLC, dba Doctor Multimedia ("Doctor Multimedia"), and AJAY THAKORE (collectively **"Counter-Defendants"**).

## INTRODUCTION

1.  This action is brought in response to the relentless and ongoing campaign of harassment by Counter-Defendants Ajay Thakore ("Thakore") and his company, Doctor Multimedia, against Counterclaimants American Pizza Manufacturing and its owner Andrew Melone ("Melone"). The breadth and persistence of the harassment is stunning. Since October 2020, Counter-Defendants have verbally harassed APM's owners, employees, and customers, posted more than a hundred negative and fake online reviews, made objectively false and inflammatory statements on social media accusing APM of, among other things, animal abuse and "hating people of color", paid others through online solicitations to harass APM, illegally parked vehicles outside of APM displaying gunscopes and disparaging comments toward the business, and commissioned three airplanes to fly above La Jolla with banners targeting APM and promoting a neighboring restaurant.

2.  While Counterclaimants respect the First Amendment and the protections afforded to even outlandish allegations like those Thakore and Doctor Multimedia make in their complaint against APM and Melone, California law does *not* allow individuals and businesses to act with impunity to disrupt and tarnish the reputation of a business they do not like. As outlined in this counterclaim, the actions and statements by Counter-Defendants have crossed the line, libeling Counterclaimants while tortiously and unfairly interfering with APM's business. These actions are not rooted in any public interest or a right to petition but are instead motivated by a singular desire to harm Counterclaimants and to privately benefit Counter-Defendants.

## THE PARTIES

3. AGFM Family Enterprises, LLC, dba American Pizza Manufacturing is a limited liability company organized under the laws of California. American Pizza Manufacturing is a restaurant in La Jolla serving bake-at-home pizzas and pastas since July 2020. Melone is an individual residing in San Diego, California, and is the owner and operator of American Pizza Manufacturing.

4. Gopher Media LLC, dba Doctor Multimedia is a limited liability company organized under the laws of Nevada and licensed to do business in California. Doctor Multimedia is a digital marketing company that, as alleged in its complaint against Counterclaimants, "handles social media and reputation management." Thakore is an individual residing in San Diego, California and is an owner and operator of Doctor Multimedia.

5. At all relevant times, as alleged more fully herein, each Counter-Defendant, including the fictitiously named Roes 1-10, acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venturer of the other Counter-Defendant, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the joint venture. Each of the Counter-Defendants' acts alleged herein were done with the permission and consent of each of the other Counter-Defendants.

6. At all relevant times, Doctor Multimedia was the alter ego of Thakore, and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between these Counter-Defendants such that any separateness between them has ceased to exist in that Thakore completely controlled, dominated, managed, and operated Doctor Multimedia to suit his convenience.

/ / /
/ / /
/ / /
/ / /

## JURISDICTION AND VENUE

7. This counterclaim is brought pursuant to Rule 13 of the Federal Rules of Civil Procedure. Jurisdiction is proper over this counterclaim pursuant to 28 U.S.C. § 1367 as the claims herein are part of the same case or controversy.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 as all Counter-Defendants are either residents of California or do business in California, and the primary events that give rise to this counterclaim occurred in or around the City of San Diego.

## GENERAL ALLEGATIONS

9. Thakore's campaign against American Pizza Manufacturing first began after the City of San Diego converted the parking spaces outside of the business to 15-minute parking zones. Beginning in October 2020 and continuing through the date of this counterclaim, Thakore—often on a near-daily or weekly basis—would illegally park his luxury high-end vehicles outside of APM. This included double-parking in public 15-minute parking spaces for hours at a time and parking for extended periods in the red zone outside of APM.

10. Counterclaimants are informed and believe, and thereon allege, that Thakore was unhappy with the parking zone changes because it somehow impeded his ability to frequent other La Jolla business establishments, mainly the neighboring Carino's Restaurant and Verde's El Ranchero. Counterclaimants believe Thakore has a financial, personal or some other substantial interest or relationship with Carino's given the frequency of his multi-hour visits to the restaurant and his promotion of Carino's in his targeted attacks against APM. Carino's, for its part, appears tacitly complicit in Thakore's attacks on APM and would appear to benefit from Thakore harming a business that Carino's may view as a direct competitor.

11. Counterclaimants are informed and believe, and thereon allege, that on August 12 and 24, 2021, Thakore escalated his campaign by using Doctor Multimedia to post more than a hundred fake negative reviews against American

1  Pizza Manufacturing, its employees, and Melone personally on Google and Yelp.
2  The reviews caused the company's Google rating to drop from 5 stars to 2.9 stars
3  overnight during the company's busy summer season. Before this period of time,
4  there were very minimal, if any, negative reviews on these sites. Between February
5  and July of 2021, APM was receiving an average of 6 reviews per month between
6  Yelp and Google combined with the majority of those reviews being positive.
7  Starting in August of 2021, negative reviews came in at a rate of multiple per hour.
8  Many of the reviews originated from Doctor Multimedia and employees within the
9  company or included Doctor Multimedia's company logo [ DOCTORmultimedia DYNAMIC MEDICAL MARKETING ] in
10 their review. Counterclaimants have confirmed through private investigation of the
11 more than 140 false reviews posted during this period of time (some of which
12 appear to be fictitious), many of the reviewers who posted multiple reviews had
13 public ties to Thakore and his businesses. The volume and timing of the negative
14 reviews are indicative of a coordinated effort to target the company and fit with
15 Doctor Multimedia's self-proclaimed business of handling "social media and
16 reputation management." The falsity of the reviews were evident in part by making
17 claims such as APM selling burnt pizza when the business does not even cook the
18 pizza (since it is meant to take home and cook). The following are just a few
19 examples of the posts that appeared within a 24-hour timespan on August 12, 2021:





12. Counterclaimants are informed and believe, and thereon allege, that Thakore paid or otherwise encouraged employees and agents of Doctor Multimedia to post the negative reviews. At least one former employee of Doctor Multimedia has informed Counterclaimants that this behavior was encouraged at Doctor Multimedia and that Thakore has engaged in this conduct in the past. Similarly, in a separate legal action filed against Thakore and Doctor Multimedia in California Superior Court for the County of San Diego, entitled *Marinkovich, et al. v. Thakore, et al.*, (Case No. 37-2019-00063378), the plaintiffs alleged that "Thakore paid employees to write false and fraudulent referrals and reviews on websites" and "Thakore also paid and/or encouraged employees to write false and fraudulent complaints about Plaintiffs after he was notified of this impending lawsuit."

13. On August 14, 2021, Melone approached Thakore who was standing in front of the store and asked him to take the reviews down. Thakore responded that nobody tells him what to do and that "this is only the beginning."

14. On August 20, 2021, Thakore approached Melone while he was in an alley by the store disposing of trash, and Thakore said: "How do you like those reviews? Get ready. There's a 1,000 more where those came from."

15. Counterclaimants worked with Google representatives to identify and remove the fake reviews. Google representatives told Counterclaimants they recognized Thakore and Doctor Multimedia as past offenders of posting false reviews, which Google relied on to expedite the removal of the false reviews.

/ / /

/ / /

/ / /

16. At times, Thakore would sit in his vehicle outside of American Pizza Manufacturing while blowing marijuana smoke into the restaurant and toward its employees and customers. On at least one occasion Thakore threw marijuana paraphernalia at an American Pizza Manufacturing employee who was also a minor.

17. At other times, Thakore would park his vehicles outside of APM and display messages attacking the business. For example, on September 26, 2021, Thakore parked his Ferrari in front of APM with a sign directed at its customers:



18. Later, between September 29, 2021 and October 2, 2021, Thakore illegally parked his Maybach in front of American Pizza Manufacturing displaying yet more messages attacking APM such as "Take N Bake Pizza Sucks":



19. On October 4, 2021, Thakore parked his Ford Raptor in front of the store for several days in a row displaying gun scopes over the phrase "Take N Bake Pizza", claiming false accusations of racism, and other statements targeting APM:

/ / /

/ / /

/ / /



20. On at least two occasions, on October 3 and October 9, 2021, Counterclaimants are informed and believe that Thakore commissioned airplanes to fly over American Pizza Manufacturing attacking the business with messages saying "Carinos Pizza is Better Than Take-n-Bake" and "Just Say No to Take-n-Bake Pizza." A year earlier, on October 10, 2020, a plane flew over APM with a banner reading "Carinos - Take It Baked!", a play on APM's "Take-n-Bake" slogan:



21. On multiple occasions Thakore has publicly offered to pay individuals to support his harassment campaign against APM:



/ / /

22. On one occasion, APM received seven calls in five minutes with messages like "Your pizza fucking sucks", "Fuck you for kicking dogs and being racist", and "I'll never come eat at your restaurant, ever." These messages were a direct result of Thakore's social media call-to-action.

23. The messages appeared related to the inflammatory and objectively false statements Thakore posted on social media, including the following:

 

24. On October 5, 2021, a customer of APM came into the store crying, asking to use the business's phone. She explained that she had confronted Thakore about the derogatory/inflammatory vehicle wraps and that he and his associate retaliated by accosting and taking her phone away from her. She called the police and filed a report.

25. In another incident, Thakore again disrupted APM's business by parking all of his cars in front of the store to block customer parking, then came out and honked his horn for 30 seconds (twice) during business hours while APM was serving customers.

26. On November 10, 2021, Thakore parked in front of APM, opened a briefcase that appeared to have thousands of dollars in cash, and dumped it out on the sidewalk in front of the store, with customers present, while Thakore said: "This is suit money motherfucker!"

27. On December 8, 2021, while Melone was speaking with customers at the restaurant, Thakore yelled to Melone "You're going down bitch!"

28. Thakore's increasingly volatile conduct is especially concerning to Counterclaimants given his criminal history of threatening others and destroying property. On August 23, 2019, Thakore pleaded guilty to making a criminal threat (Cal. Penal Code § 422) and vandalism (Cal. Penal Code § 594). As a business owner tasked with protecting American Pizza Manufacturing's employees and customers, Melone seeks redress for the harassing behavior from Thakore and his media company.

29. Immediately after Counterclaimants filed their initial Counterclaim in this matter, APM experienced a series of attacks and vandalism at its store. On information and belief, Counterclaimants believe these incidents occurred at the direction or coordination of Counter-Defendants. The incidents include, but are not limited to:

- On January 12, 2022, APM's sign was slashed and a police report was filed:



- On February 11, 2022, one day after Thakore accused APM of calling the police on him for illegally parking in front of the store and Thakore receiving a ticket (a false allegation), APM's window was smashed:



- Several weeks later, APM was vandalized again when an individual who appeared to be identical to the same individual who smashed APM's window spray painted graffiti on the store's wall:

**FIRST COUNTER-CLAIM**

**(Trade Libel – Against All Counter-Defendants)**

30. Counterclaimants incorporate paragraphs 1 through 28 as if fully set forth herein.

31. Counter-Defendants have made provably false factual statements disparaging Counterclaimants' services and business practices. Specifically, Counter-Defendants have falsely accused Counterclaimants of abusing animals,

"hating people of color," using racist language, and accusing Counter-Defendants' business of being unsanitary.

32. Counter-Defendants have made these statements publicly to individuals other than Counterclaimants.

33. Counter-Defendants' statements are untrue.

34. Counter-Defendants knew their statements were untrue when they were made and/or acted with reckless disregard of the true or falsity of the statements.

35. Counter-Defendants knew or should have recognized that someone else might act in reliance on the statements, causing Counterclaimants financial loss.

36. Counterclaimants suffered direct financial harm because someone else acted in reliance on the statements.

37. Counter-Defendants' conduct was a substantial factor in causing Counterclaimants' harm.

38. Counter-Defendants' statements do not concern an issue of public interest. Where a party seeks to harass a business because they are unhappy with the business, that party may not claim their harassment is made in the public interest.

39. Counter-Defendants' statements are not protected by the litigation privilege. Where a party publishes statements and communications that may otherwise relate to litigation to nonparticipants in the action, they are generally not protected by the litigation privilege, and thus can be actionable.

40. Pursuant to California Civil Code 3294, because Counter-Defendants' conduct constitutes oppression. fraud, and/or malice, Counterclaimants are entitled to punitive damages.

## SECOND COUNTER-CLAIM

**(Intentional Interference With Prospective Economic Relations – Against All Counter-Defendants)**

41. Counterclaimants incorporate paragraphs 1 through 38 as if fully set forth herein.

42. Counterclaimants were in an economic relationship with potential and actual customers of its pizza business that would have resulted in an economic benefit to Counterclaimants.

43. Counter-Defendants knew of the relationship.

44. Counter-Defendants engaged in a campaign of unlawful harassment against Counterclaimants.

45. By engaging in this conduct, Counter-Defendants intended to disrupt Counterclaimants' relationship.

46. Counterclaimants' relationship with some customers was disrupted.

47. Counterclaimants were harmed.

48. Counter-Defendants' conduct was a substantial factor in causing Counterclaimants' harm.

49. Pursuant to California Civil Code 3294, because Counter-Defendants' conduct constitutes oppression. fraud, and/or malice, Counterclaimants are entitled to punitive damages.

## THIRD COUNTER-CLAIM

### (Negligent Interference With Prospective Economic Relations – Against All Counter-Defendants)

50. Counterclaimants incorporate paragraphs 1 through 46 as if fully set forth herein.

51. Counterclaimants were in an economic relationship with potential and actual customers of its pizza business that probably would have resulted in an economic benefit to Counterclaimants.

52. Counter-Defendants knew or should have known of the relationship.

53. Counter-Defendants knew or should have known that this relationship would be disrupted if Counter-Defendants failed to act with reasonable care.

54. Counter-Defendants failed to act with reasonable care by engaging in a campaign of unlawful harassment against Counterclaimants.

55. Counterclaimants' relationship with some customers was disrupted.

56. Counterclaimants were harmed.

57. Counter-Defendants' conduct was a substantial factor in causing Counterclaimants' harm.

## FOURTH COUNTER-CLAIM

### (Unfair Business Competition, Cal. Bus. & Prof. Code § 17200 – Against All Counter-Defendants)

58. Counterclaimants incorporate paragraphs 1 through 54 as if fully set forth herein.

59. Counter-Defendants engaged in unlawful activity in violation of California Business and Professions Code section 17200, *et seq.* Counter-Defendants' actions as alleged in this counterclaim constitute unlawful and unfair business practices within the meaning of section 17200, *et seq.*

60. Counterclaimants seek all available legal remedies for Counter-Defendants' violations of California Business and Professions Code section 17200, *et seq.*

61. Pursuant to California Civil Code 3294, because Counter-Defendants' conduct constitutes oppression. fraud, and/or malice, Counterclaimants are entitled to punitive damages.

## FIFTH COUNTER-CLAIM

### (Declaratory Relief– Against All Counter-Defendants)

62. Counterclaimants incorporate paragraphs 1 through 57 as if fully set forth herein.

63. An actual controversy exists between Counterclaimants and Counter-Defendants as set forth in this counterclaim giving rise to questions about the parties' rights and obligations.

/ / /

/ / /

64. Pursuant to Cal. Code Civ. Proc. section 1060, Counterclaimants seek a declaration that Counter-Defendants must cease all harassing and unlawfully disparaging conduct toward Counterclaimants.

## PRAYER

**WHEREFORE**, Counterclaimants pray for judgment against Counter-Defendants, and each of them, jointly and severally, as follows:

1. For damages in the amount to be determined at trial;
2. For prejudgment and post-judgment interest;
3. For attorneys' fees and costs of suit;
4. For punitive damages pursuant to California Civil Code 3294.
5. For injunctive relief enjoining Counter-Defendants from harassing and unlawfully disparaging Counterclaimants;
6. For declaratory relief as set forth herein; and
7. For such other and further relief as the Court may deem just and proper.

DATED:  May 18, 2022        SOLOMON WARD SEIDENWURM & SMITH, LLP

By:    /s/ Owen M. Praskievicz
DANIEL E. GARDENSWARTZ
OWEN M. PRASKIEVICZ
Attorneys for Counterclaimants ANDREW MELONE and AGFM FAMILY ENTERPRISES, LLC