UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPHER MEDIA, LLC; AJAY THAKORE,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW MELONE; AMERICA PIZZA MANUFACTURING,<br><br>Defendants. | Case No.:  21-CV-1909-RBM-WVG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONTINUE FACT DISCOVERY CUT-OFF** |

Pending before the Court is the Parties' October 26, 2022 Joint Motion to Continue Fact Discovery Cut-Off. (Doc. No. 43.) The Parties move the Court to continue the October 31, 2022 fact discovery cut-off to complete party and witness depositions. Defendants propose November 30, 2022 as the new cut-off. Plaintiffs propose December 31, 2022. The Court has carefully reviewed the Parties' submission. Having done so, the Court GRANTS IN PART and DENIES IN PART the Parties' Joint Motion and explains its decision below.

On May 17, 2022, this Court issued the operative Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings. (Doc. No. 32.) In pertinent part, the Court set an October 31, 2022 fact discovery cut-off, which required the Parties to complete all fact

discovery on or before such date. Critically, the Scheduling Order defined "completed" and cautioned:

> "… all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated within a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure." (*Id.*, 1:26-2:3.)

Thus, the Scheduling Order made clear the Parties were to make swift efforts to obtain fact discovery sufficiently in advance of the cut-off. The Parties are now five months removed from the Order's issuance. During this span of time, both Parties were to propound and respond to written discovery, produce documents, coordinate and take depositions, and subpoena records, all in recognition of the potential for impediments and disputes along the way. The Joint Motion indicates the Parties have largely failed to do so.

Rule 16(b) of the Federal Rules of Civil Procedure informs the Court's resolution of this matter. The Rule provides that, absent good cause, courts will not disturb scheduling orders. Fed. R. Civ. P. 16(b)(4). Good cause turns on movants' diligence in attempting to comply with existing deadlines. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (citing same). A fact-specific showing of good cause must be made to warrant a court's modification of a scheduling order; falling short of this requirement ends the court's inquiry. *Johnson*, *supra*, 975 F.2d at 910; *see also Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060, 1062 (9th Cir. 2005) (trial courts "set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties").

For their part, Plaintiffs first served written discovery on September 28, 2022 and now lament that Defendants have failed to produce responsive documents to date. If Plaintiffs are to be victims, they are by their own doing. By delaying service of their discovery requests until one month before the cut-off, Plaintiffs deprived themselves of sufficient time to review Defendants' anticipated responses and document productions,

identify deficiencies, meet and confer over points of contention, and raise any unresolved disputes to the Court. The Court declines to make Plaintiffs' resulting dilemma its own. Except as outlined further below, all fact discovery shall be completed on or before the October 3, 2022 cut-off.

Plaintiffs also bemoan that their deposition subpoenas as to the La Jolla Light's Rule 30(b)(6) designee and reporter Ashley Mackin-Solomon were met with objections. In support of their request for additional time to take these depositions, Plaintiffs attached exhibits constituting the La Jolla Light's general and outside counsel's objections to the depositions and refusal to produce documents. Neither of the exhibits indicate when Plaintiffs first served these two deposition subpoenas. To that end, Plaintiffs did not attach copies of the subpoenas as served. Curiously, too, Plaintiffs declined to reveal the subpoenas' service date in the Parties' Joint Motion. Nonetheless, the La Jolla Light's October 25, 2022 and October 26, 2022 responses to the deposition subpoenas suggest that the subpoenas were served just recently. The Court will neither play guessing games nor reward Plaintiffs for their omission of this critical fact. Further, notwithstanding Plaintiffs' apparent untimeliness, the La Jolla Light's general counsel's letter lays out an articulate, well-reasoned argument in opposition to Plaintiffs' deposition subpoenas. The three-part analysis counsel submitted beckons the question of whether the depositions could proceed at any point. To that end, Plaintiffs' counsel should have raised the matter to the Court months ago and not at the proverbial eleventh hour like she does so now.

As an apparent catch-all argument, Plaintiffs request 60 more days to complete fact discovery due to their counsel's "greatly impacted schedule," including "depositions in other matters" and having transitioned to a new job on September 26, 2022. Good cause does not arise under such circumstances and the Court has no sympathy to spare. *Lacy v. Am. Biltrite, Inc.*, 2012 WL 909309, at *7 (S.D. Cal. Mar. 16, 2012) (finding plaintiff's counsel not diligent under Rule 16(b) where they waited "nearly seven months" before noticing any depositions); *Khobragade v. Covidien LP*, 2018 WL 4811895, at *1 (S.D. Cal. Oct. 4, 2018), aff'd, 821 F. App'x 834 (9th Cir. 2020) (declining to modify scheduling order

for plaintiff's lack of diligence in meeting operative discovery deadlines); *Trejo v. City of Shafter*, 2011 WL 6130894, at *2 (E.D. Cal. Dec. 8, 2011) (declining to "allow modifications [to a scheduling order] based upon the convenience of counsel"). At all times, Plaintiffs are the masters of their own discovery plans and had five months to make their requests for documents, information, and deposition testimony. Separately, Plaintiffs' counsel's career transition was an event that occurred four months into the ongoing fact discovery period, and it did not unfold overnight. In accepting a new position, Plaintiffs' counsel was the person best positioned to anticipate what consequences would flow from departing from her law firm. These consequences necessarily included the need to account for, organize, and transfer documents from this case to Plaintiffs' counsel's new office. Those arrangements could have and should have been made as soon as Plaintiffs' counsel decided to change jobs. She did not, and the problem is now solely hers to bear. Plainly stated, good cause does not arise from these circumstances. The Court will not modify the Scheduling Order on such basis.

As for their part, Defendants do not specify in the Joint Motion when they first issued notices of deposition. Nevertheless, Defendants contend that, "but for objections to the schedule by Plaintiffs' counsel," Defendants "would have been able to complete the depositions." (Doc. No. 43, 1-3.) In part, the Joint Motion casts doubt over Defendants' representation. Plaintiffs indicate Defendants unilaterally noticed Ajay Thakore's deposition and thus assumed, rather than confirmed, his availability to sit for deposition. Because Defendants fail to provide specific facts of when they served deposition notices and what efforts counsel made to fashion a timely deposition schedule, the Court's ability to ascertain Defendants' diligence is clouded. For this reason, the Court finds Defendants have not satisfied Rule 16(b)'s good cause inquiry.

As discussed, the Parties' Joint Motion leaves much to supposition. Neither side explains (1) when any notices of deposition were first served, (2) what fact-specific circumstances arose that impeded depositions from timely proceeding, and (3) what efforts the Parties made to ameliorate those complications to abide by the operative fact discovery

cut-off. Nevertheless, the Court finds at least *some* showing of diligence has been made, namely by way of Plaintiffs' efforts dating back to February 2022 to subpoena records from the San Diego Police Department and Defendants' completion of their written discovery efforts in preparation for noticing witness' depositions. In saying so, the Court admonishes Plaintiffs' counsel for not having brought the dispute implicating the San Diego Police Department earlier. There is a limit to the Court's patience, and this Order is it.

Accordingly, the Court CONTINUES the fact discovery cut-off to **Wednesday, November 30, 2022** for the sole purposes of allowing (1) Plaintiffs to obtain the documents sought from the San Diego Police Department ("police department records") and (2) the Parties to take and defend depositions that rely upon or otherwise implicate the police department records, **specifically and exclusively** "Andrew Melone, Officer Wilder, and the FRCP 30(b)(6) of the San Diego Police Department" and "Ajay Thakore and the FRCP 30(b)(6) of Gopher Media, LLC," as outlined on the fifth page of the Parties' Joint Motion. (Doc. No. 5, 1-5.) No other depositions shall proceed beyond the October 31, 2022 fact discovery cut-off. Any disputes arising from these anticipated depositions shall be raised to the Court sufficiently in advance of the November 30, 2022 limited fact discovery cut-off. Finally, to emphasize the point, all other fact discovery shall be completed **on or before the October 31, 2022** cut-off as originally set by this Court's May 17, 2022 Order.

**IT IS SO ORDERED.**

Dated: October 27, 2022

Hon. William V. Gallo
United States Magistrate Judge