UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOPHER MEDIA LLC, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ANDREW MELONE, et al.,<br><br>　　　　　Defendants.<br><br>―――――――――――――――――<br><br>AGFM FAMILY ENTERPRISES, LLC DBA AMERICAN PIZZA MANUFACTURING, et al.,<br><br>　　　　　Counterclaimants,<br><br>　v.<br><br>GOPHER MEDIA LLC, et al.,<br><br>　　　　　Counter-Defendants. | Case No.: 3:21-cv-01909-RBM-VET<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**[Doc. Nos. 135, 136]** |

　　　Before the Court is Gopher Media LLC and Ajay Thakore's (collectively, "Plaintiffs") Unopposed Motion to File Documents Under Seal (the "Motion to Seal"). Doc. No. 135. Plaintiffs request to file a medical record under seal in connection with a motion to excuse Plaintiff Ajay Thakore from attending an upcoming Mandatory

1

Settlement Conference due to medical unavailability. *Id.*; *see also* Doc. No. 137. Plaintiffs lodged an unredacted copy of the subject medical record with the Court. Doc. No. 136. Based on a review of the Motion and the record, the Court **GRANTS** the Motion for the reasons set forth below.

## I. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. To overcome this presumption of access, the party must demonstrate either "good cause" or "compelling reasons" to seal a record, depending on the motion to which the record relates. *Ctr. for Auto*, 809 F.3d at 1096–97. If the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass this threshold, the "good cause" standard applies. *Id.* Further, "[e]ven if it may be appropriate to seal a document in its entirety, a party should still redact records whenever possible." *Craig v. Am. Tuna, Inc.*, No. 22-cv-00473, 2023 U.S. Dist. LEXIS 211558, at *10 (S.D. Cal. Nov. 28, 2023).

## II. ANALYSIS

First, the Court finds that the "good cause" standard applies to the Motion to Seal. Mr. Thakore's medical record relates to a motion to excuse his attendance at a Mandatory Settlement Conference due to medical unavailability. *See* Doc. No. 137. Such a motion is not more than tangentially related to the merits of this case; indeed, it is not related to the merits whatsoever.

Second, the Court finds there is good cause to seal Mr. Thakore's medical record. The medical record relates to Mr. Thakore's sensitive personal and medical information. Further, the personal medical information conveyed in the medical record is not at issue in the present action. *See, e.g.*, *Craig*, 2023 U.S. Dist. LEXIS 211558, at *10 (sealing letter that contained pervasive references to plaintiff's health information); *Weisberg v. Takeda Pharms. U.S.A., Inc.*, No. CV 18-784, 2018 U.S. Dist. LEXIS 225905, at *3 (C.D. Cal. July 3, 2018) (sealing records that "contain personal identifying information and medical records that are not put at issue by this action" under the "compelling reasons" standard). Additionally, the medical record is not appropriate for redaction and should be sealed in its entirety.

## III. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs' Motion to Seal. Doc. No. 135. The Clerk of the Court **SHALL FILE** the Lodgment (Doc. No. 136) **UNDER SEAL**.

**IT IS SO ORDERED**.

Dated: June 4, 2024

Honorable Valerie E. Torres
United States Magistrate Judge